# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BEVERLY BANKS,** ) | |
| ) | **Case No.:** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND DEMAND** |
| **DIVERSIFIED CONSULTANTS,** ) | **FOR JURY TRIAL** |
| **INC.,** ) | |
| ) | |
| Defendant. ) | **(Unlawful Debt Collections** |
| ) | **Practices)** |

## COMPLAINT

BEVERLY BANKS ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Valley Stream, New York.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

8. Defendant is a corporation with its principal place of business located at 10550 Deerwood Park Blvd, St. 309, Jacksonville, Florida 32256.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Between March 2016 and July 2016, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in their attempts to collect an alleged consumer debt owed to Time Warner.

11. Plaintiff has no business debts, so the debt that Defendant has been calling in reference to could only have been a consumer debt that was incurred primarily for personal, family or household purposes.

12. Defendant's collectors' calls originated from telephone numbers including, but not limited to, (917) 900-3581. The undersigned has confirmed that this number belongs to Defendant.

13. Plaintiff spoke to Defendant in or around March 2016 and told Defendant she was disabled, could not afford to make payments, and to stop calling.

14. Once Defendant was aware Plaintiff did not want any further calls, Defendant's continued calls could only have been for the purpose of harassment

15. However, Defendant ignored Plaintiff's request and continued to call her through July 2016.

16. Plaintiff again told Defendant during a call on or about July 18, 2016 that she wanted Defendant to stop calling her.

17. Finally, in order to stop Defendant's calls, Plaintiff downloaded an application to her cellular to block Defendant's calls.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA**

18. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated §§ 1692d and 1692d(5) when it repeatedly called Plaintiff's cellular telephone knowing its calls were unwanted in order to collect an alleged debt.

WHEREFORE, Plaintiff, BEVERLY BANKS, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BEVERLY BANKS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

Date: March 30, 2017

/s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com

- 5 -

PLAINTIFF'S COMPLAINT